MICKLE, Judge.
Appellant was adjudicated delinquent for committing the offense of burglary. The Department of Juvenile Justice filed a predisposition report recommending that appellant be placed on community control. The trial court rejected the recommendation and, without receiving a further recommendation as to a restrictiveness level, imposed a minimum-risk (level 2) commitment. This was error. Section 39.052(4)(e)2, Florida Statutes, requires the court to receive and consider a recommendation from the Department as to a restrictiveness level before ordering a commitment. We therefore reverse the order of commitment and remand the case for further proceedings consistent with this opinion. See R.D. v. State, 742 So.2d 255 (Fla. 1st DCA 1997); J.P.M. v. State, 688 So.2d 458 (Fla. 1st DCA 1997); K.Y.L. and N.L. v. State, 685 So.2d 1380 (Fla. 1st DCA 1997); S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996).
We reject the State’s argument that appellant was required to preserve this issue for review according to the procedure in section 924.051(4), Florida Statutes (Supp.1996). See R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997); T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997). As in R.A.M., we certify the follovdng question to the supreme court:
DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
REVERSED and REMANDED.
WEBSTER and PADOVANO, JJ„ concur.